# IN THE SUPREME COURT OF CALIFORNIA

JULIUS M. ROBINSON,

Petitioner and Appellant,

v.

G. W. LEWIS, as Warden, etc.,

Respondent.

S228137

Ninth Circuit

14-15125

Northern District of California

2:13-cv-00604-WBS-AC

July 20, 2020

Justice Groban authored the opinion of the Court, in which Chief Justice Cantil-Sakauye and Justices Chin, Corrigan, Liu, Cuéllar, and Kruger concurred.

ROBINSON v. LEWIS

S228137


Opinion of the Court by Groban, J.


Someone who wishes to challenge a state judgment of conviction by filing a petition for a writ of habeas corpus in state court must present each claim in a timely fashion. Generally, under California law, there are no fixed, determinate deadlines.[1] Whether a claim has been timely presented is assessed based on an indeterminate reasonableness standard. Here, Julius Robinson — like many such petitioners, a self-represented prison inmate — filed a petition for a writ of habeas corpus challenging his state court judgment in the superior court. That court denied the petition. Sixty-six days later, he filed a new petition for a writ of habeas corpus in the Court of Appeal raising the same claims. The Court of Appeal denied the petition. Then Robinson filed a new original petition for a writ of habeas corpus in this court. After we denied it, Robinson filed a petition for a writ of habeas corpus in federal district court challenging the same judgment. The petition was denied, and Robinson appealed to the United States Court of Appeals for the Ninth Circuit.

---

[1] This is a noncapital case. Habeas corpus procedures in capital cases are different from those in noncapital cases. (See generally *Briggs v. Brown* (2017) 3 Cal.5th 808, 824–825.) What we say in this case involves only noncapital habeas corpus procedures.

1

Time limits exist in the federal courts for filing petitions challenging a state court judgment. Whether the petitioner proceeded in a timely fashion in state courts often has great significance in the federal courts' determinations of whether the federal petition was timely. It is critical in this case. The Ninth Circuit is uncertain how the California courts treat the time gap between the denial of a petition for a writ of habeas corpus in a lower California court and the filing of a new petition in a higher California court raising the same claims for purposes of determining whether a claim was timely presented. Accordingly, it asked us to explain how California law treats what we will call "gap delay." (See *Robinson v. Lewis* (9th Cir. 2015) 795 F.3d 926 (*Robinson*).) We accepted the request, although we restated the question presented to more accurately reflect California law and practice. (See Cal. Rules of Court, rule 8.548(f)(5).) The discussion that follows concerns only gap delay, not delay in presenting a claim in the first instance.

As we restated it, the question before us is as follows: When a California court denies a claim in a petition for writ of habeas corpus, and the petitioner subsequently files the same or a similar claim in a petition for writ of habeas corpus directed to the original jurisdiction of a higher court, what is the significance, if any, of the period of time between the earlier petition's denial and the subsequent petition's filing (66 days in this case) for purposes of determining the subsequent claim's timeliness under California law?[2]

---

[2]     As the Ninth Circuit explained in its opinion asking us to answer this question, the delay between the Court of Appeal's denial of Robinson's petition in that court and his filing of a petition for review in this court is not at issue in this case.

Our answer is that when an original petition is filed in this court, we do not consider whether the *petition* was timely but rather whether the *claims* presented within the petition were timely. We consider only the question of whether each of those claims was presented without substantial delay, as set forth in *In re Robbins* (1998) 18 Cal.4th 770, 780 (*Robbins*). Gap delay is relevant to this question. But we do not generally consider, separately, whether the gap delay, by itself, made the claims raised in the petition untimely, and no specific time limits exist for when a new petition for a writ of habeas corpus must be filed in a higher court after a lower court denies the petition. In the instant case, a 66-day gap between the denial of a petition in the superior court and the filing of a new petition in the Court of Appeal would not be considered substantial delay. It would not make any claim raised in the petition untimely if the petitioner had otherwise presented that claim without substantial delay.

Indeed, for the reasons described below, we would never consider delay of up to 120 days between denial of a petition in the superior court and the filing of a new petition in the Court of Appeal (or between denial of a petition in the Court of Appeal and the filing of a new petition in this court) to be substantial delay for these purposes. Delay beyond that time period would be a subject to consider in the normal *Robbins* analysis.

## I. THE NINTH CIRCUIT'S REQUEST

This case involves the interplay between California law and the federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The Ninth Circuit's opinion requesting us to answer the aforementioned question described its understanding of the problem confronting the court. "Under federal habeas law, 28 U.S.C. § 2244(d)(1), a state prisoner must

file a petition for federal habeas review within a one year limitations period. Section 2244(d)(2) further specifies that this federal limitations period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.' The federal statute has been interpreted to define '[t]he time that an application for state postconviction review is "pending" ' as including 'the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.' *Evans v. Chavis*, 546 U.S. 189, 191, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).

"*Chavis* explained that in most states other than California, the number of days a petitioner has for filing an appeal is established by statute. *Id.* at 191-92. This makes it simple to determine whether a filing is 'timely under state law,' *see id.*, and thus whether a petition for review is 'properly filed' and the federal statute of limitations tolled, *see* 28 U.S.C. § 2244(d)(2). California, however, has a unique system by which state habeas petitioners challenge adverse state court decisions. *Chavis*, 546 U.S. at 192. Rather than requiring a petitioner whose habeas petition has been dismissed to appeal that decision to a higher court, California law provides that an original petition may be filed at each level of the California court system. *Id.* at 192-193. Such a petition is timely if filed 'within a "reasonable time." ' *Id.* at 192 (quoting *In re Harris*, 5 Cal.4th 813, 828 n.7, 21 Cal.Rptr.2d 373, 855 P.2d 391 (1993)).[3]

---

[3] In fact, as explained below, we do not consider whether a *petition* is timely. We consider whether the *claims* in the petition are timely.

California courts allow a longer delay if the petitioner demonstrates good cause. *In re Robbins*, 18 Cal.4th 770, 780, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998).

"If a California court states it has dismissed a state habeas petition because the petition was untimely, 'that would be the end of the matter.' *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). When a California state court determines that a state prisoner's state habeas petition is untimely under state law, there is 'no "properly filed" state petition, and [the state prisoner is] not entitled to statutory tolling' under the AEDPA. *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010) (per curiam).

"But if a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness,' *Chavis*, 546 U.S. at 197-98, in order to determine whether the petition was 'properly filed' for purposes of tolling the federal statute of limitations, *id*. at 191 (quoting 28 U.S.C. § 2244(d)(2)). Observing that California courts had not provided authoritative guidance on this issue, *Chavis* made its own conjecture regarding state law, namely 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days, the range of time allowed for filing a notice of appeal by other states' statutes. *Id*. at 199, 201. Based on this conjecture, *Chavis* held that California courts would hold the unexplained six-month delay by the state prisoner in that case to be unreasonable, and therefore concluded the state prisoner had not filed his state habeas

petition on time. *Id*. at 201." (*Robinson, supra*, 795 F.3d at pp. 928–929, fn. omitted.)

Because of continuing uncertainty regarding how California's "reasonable time" standard applies to gap delay, the Ninth Circuit turned to us for guidance. It stated the question to be decided as follows: "When a state habeas petitioner has no good cause for delay, at what point in time is that state prisoner's petition, filed in a California court of review to challenge a lower state court's disposition of the prisoner's claims, untimely under California law; specifically, is a habeas petition untimely filed after an unexplained 66-day delay between the time a California trial court denies the petition and the time the petition is filed in the California Court of Appeal?" (*Robinson, supra*, 795 F.3d at p. 928.)

We restated the question as indicated in the beginning of this opinion.

The Ninth Circuit informs us that "[t]he facts of this case are as follows. Julius Robinson was convicted by a jury of two counts of premeditated murder, two counts of malicious discharge of a firearm, and gun and gang enhancements. He was sentenced to a determinate term of 17 years, and an indeterminate term of 205 years to life. On February 8, 2011, the California Court of Appeal modified the sentence and affirmed the judgment. The California Supreme Court denied review, and the deadline for Robinson to seek certiorari review with the United States Supreme Court expired on August 9, 2011.

"On November 12, 2011, 94 days after the certiorari deadline passed, Robinson constructively filed a state habeas petition in California Superior Court. On January 19, 2012, the

Superior Court denied Robinson's petition.  On March 26, 2012, 66 days after the Superior Court denied his petition, Robinson filed a petition with the California Court of Appeal.  On April 5, 2012, the California Court of Appeal denied Robinson's petition, citing *In re Steele*, 32 Cal.4th 682, 692, 10 Cal.Rptr.3d 536, 85 P.3d 444 (2004), and *In re Hillery*, 202 Cal.App.2d 293, 20 Cal.Rptr. 759 (1962).  Neither case involves a timeliness determination.[4]  *Accord Walker v. Martin*, 562 U.S. 307, 310, 131 S.Ct. 1120, 179 L.Ed.2d 62 (2011) ('California Courts signal that a habeas petition is denied as untimely by citing the controlling decisions, *i.e.*, [*In re*] *Clark*[, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993)] and *Robbins*.').  On July 6, 2012, 91 days after the California Court of Appeal decision, Robinson filed a petition with the California Supreme Court.  The California Supreme Court denied his petition on October 24, 2012.

"Robinson filed a habeas petition under 28 U.S.C. § 2254 in federal district court on March 13, 2013, which was 139 days after the California Supreme Court issued its denial.  Adding up the delays that were attributable to Robinson (delays of 94, 66, 91, and 139 days), and excluding the time when his filed

---

[4]      As the Ninth Circuit's opinion suggests, these citations were likely in error.  The cited page in *Steele* explains that, although "both trial and appellate courts have jurisdiction over habeas corpus petitions, . . . a reviewing court has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court." (*In re Steele, supra*, 32 Cal.4th at p. 692 (*Steele*).)  *Hillery* is to the same effect. (*Hillery, supra*, 202 Cal.App.2d at p. 294.)  Here, Robinson did first apply for habeas corpus relief in the superior court, although the Court of Appeal might not have been aware of it.

petitions were being considered by the California courts, his petition was filed 390 days after his conviction became final and the time for seeking certiorari review by the Supreme Court expired.

"The government moved to dismiss the petition, on the ground that the one-year statute of limitations under 28 U.S.C. § 2244 had expired before Robinson filed his petition. A magistrate judge considered whether Robinson was entitled to tolling of the statute of limitations for the gaps between each lower court denial of Robinson's habeas petition and his subsequent filing of a new petition in the next-level state court. She concluded that the 66-day period between the denial of his California Superior Court petition and the filing date of his Court of Appeal petition was unreasonable, and therefore Robinson was not entitled to tolling for that period. The magistrate judge also concluded that Robinson was not entitled to tolling for the 91-day period between the denial of his California Court of Appeal petition and the filing date of his California Supreme Court petition. Absent tolling for either of these two periods, Robinson's petition was untimely. The district court adopted the magistrate judge's findings and recommendations and granted the government's motion to dismiss Robinson's federal habeas corpus petition with prejudice as barred by the statute of limitations.

"On appeal, we are considering only the question whether Robinson is entitled to tolling for the 66-day interval between the California Superior Court denial of habeas relief and his filing a new petition in the California Court of Appeal. [A footnote here states that "Robinson did not appeal the district court's determination that he was not entitled to tolling for the

8

91-day period."] The issue of good cause is absent in this case. Although Robinson claimed in district court that the delay was 'attributed to further research and litigation of potential issues,' the district court rejected this justification because '[t]he petition filed in the California Court of Appeal was simply a photocopy of the prior petition.' Robinson did not dispute this conclusion in his briefing before our court. He has therefore waived it. See *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005)." (*Robinson, supra,* 795 F.3d at pp. 933–934, fns. omitted.)

## II. DISCUSSION

We restated the question presented for two reasons.

First, as originally asked, the question assumed that a habeas corpus petition filed in a higher court constitutes a challenge to the lower court's denial of the previous petition. In fact, it is a *new* petition invoking the higher court's *original* jurisdiction. "The Supreme Court, courts of appeal, superior courts, and their judges have original jurisdiction in habeas corpus proceedings." (Cal. Const., art. VI, § 10.) The "people" may appeal if the superior court grants habeas corpus relief. (Pen. Code, § 1506.) But in noncapital cases, if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal. Instead, the petitioner must file a new, original petition, generally in the Court of Appeal. A new petition for a writ of habeas corpus differs from an appeal in important respects. The new petition can add to or attempt to bolster the claims made in the earlier petition. Moreover, unlike an appeal, a petition can be, and often is, denied without full briefing from the parties, oral argument, or opinion.

All courts in California have original habeas corpus

jurisdiction, but that does not mean all courts must exercise it in all circumstances. A higher court "has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court." (*Steele, supra,* 32 Cal.4th at p. 692; see *In re Ramirez* (2001) 89 Cal.App.4th 1312, 1316.) For this reason, the United States Supreme Court has observed that "California's habeas rules lead a prisoner ordinarily to file a petition in a lower court first." (*Carey v. Saffold, supra,* 536 U.S. at p. 221.) We agree. Petitioners should first file a petition for a writ of habeas corpus challenging a judgment in the superior court that rendered the judgment. If the superior court denies the petition, the petitioner may then file a new petition in the Court of Appeal.[5] The superior court that rendered the judgment is best equipped to consider the claim in the first instance, to hold an evidentiary hearing when necessary, and to grant relief if appropriate. A petition filed in a superior court that did not render the judgment is subject to transfer to the court that did render the judgment. (*Griggs v. Superior Court* (1976) 16 Cal.3d 341, 347.)

Although petitioners should start in the superior court and then, if unsuccessful, may file a petition in the Court of Appeal, it remains true that a petition in the Court of Appeal is a *new* petition invoking that court's original jurisdiction. If a lower court has made factual findings following an evidentiary hearing, the higher court will give those findings great weight,

---

[5] An exception to this general procedure exists. A petition for a writ of habeas corpus may be filed in the Court of Appeal in the first instance if it is related to a pending direct appeal. (*People v. Pope* (1979) 23 Cal.3d 412, 426–427, fn. 17; see Cal. Rules of Court, rule 3.387(b)(2)(B).)

but it is not bound by them. (*In re Resendiz* (2001) 25 Cal.4th 230, 249 (plur. opn. of Werdegar, J.)  Thus, a Court of Appeal that considers a new petition does not directly review the superior court's ruling but makes its own ruling.

The question as to whether the higher court is reviewing the lower court's decision is more complex when a petitioner seeks redress from this court after the Court of Appeal denies a petition.  In that event, the petitioner has two options.  The petitioner may file a petition for review in this court. (Pen. Code, § 1506.)[6]  Such a petition is subject to tight time limits.  Unless the Chief Justice relieves the party from default, the petition for review must be filed in this court within 10 days of finality of the Court of Appeal decision.  (Cal. Rules of Court, rules 8.500(e)(1), (2).)  A Court of Appeal decision denying a petition for writ of habeas corpus without issuing an order to show cause is generally final immediately, which means the petition for review must be filed within 10 days after the filing of the denial order.  (Cal. Rules of Court, rule 8.387(b)(2)(A).)  An exception exists when the petition is related to an appeal and the denial is filed the same day as the appellate decision, in which case the denial is final on the same day that the appellate decision is final. (Cal. Rules of Court, rule 8.387(b)(2)(B).)  If, but only if, a petition for review is filed to challenge the Court of Appeal's denial of the previous petition, this court does, indeed, review the Court of Appeal's rulings on the claims presented in the previous petition.

---

[6]  Penal Code section 1506 actually refers to a "hearing" in this court rather than "review."  "Hearing" is the word formerly used when a party turned to this court for relief, but "review" is the word used today.  (See Cal. Const., art. VI, § 12, subd. (b).)

But the petitioner also has the option of filing a new, original petition for a writ of habeas corpus in this court invoking this court's original jurisdiction and raising one or more claims raised in previous petitions or adding new claims not previously raised. Far more petitioners file an original petition in this court than file a petition for review, possibly to avoid the stringent procedural requirements. In that event, the petition is an original petition, and we do not directly review the lower courts' rulings although, again, we will give any lower court's factual findings great weight if an evidentiary hearing was held.

The question of "gap delay" following the denial of a habeas corpus petition in the Court of Appeal is clear in the case of a petition for review. A petition filed more than 10 days after the Court of Appeal's decision becomes final is untimely unless the Chief Justice relieved the party from default. It is only when an original petition is filed in this court that the question of gap delay becomes potentially problematic for petitioners and the federal courts. For these reasons, we restated the certified question to make clear that a habeas petition filed in a higher court is a new petition involving the higher court's original jurisdiction.

Second, the question as the Ninth Circuit phrased it appeared to assume that timeliness of a habeas corpus petition is judged as a whole, rather than on a claim-by-claim basis. But we determine "whether *claims* in a petition for a writ of habeas corpus have been timely filed" (*In re Reno* (2012) 55 Cal.4th 428, 460, italics added (*Reno*)), not whether the petition as a whole was timely filed. A given petition containing multiple claims might have one or more claims that are untimely and one or

more claims that are timely. In that event, we might bar the specific untimely claims. But we do not find a petition itself to be untimely.

As the United States Supreme Court has recognized, in noncapital cases, California courts, including this one, sometimes simply deny with a summary order petitions that clearly lack merit without specifying whether any given claim is untimely or otherwise procedurally barred. (*Walker v. Martin, supra,* 562 U.S. at p. 310.) This "court rules on a staggering number of habeas petitions each year"; because of this, we often exercise our "discretion . . . to bypass a timeliness issue and, instead, summarily reject the petition for want of merit." (*Id.* at pp. 312–313; see also *Carey v. Saffold, supra,* 536 U.S. at p. 225 [a court might simply deny an untimely claim on the merits for several reasons, such as "where the merits present no difficult issue"].) As the high court has also recognized, issuing "summary dispositions in many collateral attack cases can enable a state judiciary to concentrate its resources on the cases where opinions are most needed." (*Harrington v. Richter* (2011) 562 U.S. 86, 99 [citing a brief noting that, at that time, this court "dispose[d] of close to 10,000 cases a year, including more than 3,400 original habeas corpus petitions"].)

With this background, we turn to the question of the significance of gap delay in filing original petitions for writ of habeas corpus in a higher court after a lower court has denied the earlier petition. We begin by reviewing our general timeliness rules. There are no specific time limits for either filing the first petition or filing subsequent petitions in a higher court. Instead, California courts employ a *reasonableness* standard. The claim must generally be presented without

substantial delay. "Substantial delay is measured from the time the petitioner or his or her counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim." (*Robbins*, *supra*, 18 Cal.4th at p. 780.)

"Our rules establish a three-level analysis for assessing whether claims in a petition for a writ of habeas corpus have been timely filed. First, a claim must be presented without *substantial delay*.[7] Second, if a petitioner raises a claim after a substantial delay, we will nevertheless consider it on its merits if the petitioner can demonstrate *good cause* for the delay. Third, we will consider the merits of a claim presented after a substantial delay without good cause if it falls under one of *four narrow exceptions*." (*Reno*, *supra*, 55 Cal.4th at p. 460, citing *Robbins*, *supra*, 18 Cal.4th at pp. 780–781.) *Reno* and *Robbins* were capital cases. Only three of the four exceptions cited in *Reno* and *Robbins* are relevant to noncapital cases: (1) " 'that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner' "; (2) " 'that the petitioner is actually innocent of the crime or crimes of which he or she was convicted' "; and (3) " 'that the petitioner was convicted or sentenced under an invalid statute.' " (*Reno*, at p. 460, quoting *Robbins*, at pp. 780–781.) "The petitioner bears the burden to plead and then prove all of the relevant allegations."

---

[7] In describing this requirement, we have sometimes used the language, " 'as promptly as the circumstances allow.' " (*In re Clark* (1993) 5 Cal.4th 750, 765, fn. 5; see *Reno*, *supra*, 55 Cal.4th at p. 460.) That language and the term "without substantial delay" are equivalent.

(*Reno*, at p. 460.)

This court does not generally consider gap delay as a specific question separate from the larger question of whether a claim was timely presented. California's habeas corpus timeliness standards refer to *overall* delay in presenting a habeas corpus claim and not specifically gap delay. We consider whether, under all of the circumstances, the petitioner presented the claim without substantial delay after it was, or reasonably should have been, known to the petitioner. The time between levels is just part of that question. Gap delay, if inordinate and unexplained, is *relevant* to this overall question and might be a significant factor in our timeliness analysis under *Robbins*, but it is not the question itself. There are no specific time limitations for presenting a claim in a higher court after a lower court has denied the claim.

Gap delay raises fewer concerns than delay in presenting the claim in the first instance. Once the claim is formally presented in a petition for a writ of habeas corpus filed in the lower court, the state is on notice of its existence and can begin to defend against it if appropriate.

Moreover, even if the time gap between levels is substantial, California's procedure of requiring a new petition, rather than permitting an appeal, will usually result in more prompt resolution of the claim in the higher court than would an appeal. A notice of appeal merely begins the appellate process. Normally, record production, full briefing, oral argument, and a formal judicial opinion will follow, all of which can take considerable time. By contrast, the filing of a petition for a writ of habeas corpus can be, and often is, the end of the process. A court can simply deny the petition without further

proceedings if it is meritless or procedurally barred. For these reasons, while gap delay is relevant to the question of timeliness, it is just one piece of the overall picture and is not considered independently. In this case, we would not consider a 66-day time gap between the superior court and the Court of Appeal to be substantial delay under *Robbins*, *supra*, 18 Cal.4th 770.

Although no specific time period exists for the presentation of a claim, we believe it appropriate to state a specific time period within which gap delay would never be considered to be substantial delay. Doing so will provide what Robinson calls a "safe harbor," so petitioners will know that a claim presented to a higher court within that time period will never be considered untimely due to that delay. Both parties agree that it would be helpful to the state and petitioners, as well as the federal courts, to be more specific regarding gap delay.

More specificity should benefit the federal courts as well as both sides in habeas corpus litigation by providing a degree of certainty. It would benefit inmates in state court to have assurance that if a petition is filed within the time period, the claims will not be found untimely due (even in part) to gap delay, an assurance that is lacking under today's general reasonableness standard. Today, gap delay in state court can be considered as part of the overall untimeliness analysis under *Robbins*, but the inmate petitioner does not know how long of a gap delay would be considered substantial. Specificity should also simplify litigation for those petitions that are filed in a higher court within the time period. The parties could tell at a glance that the gap delay in those cases was irrelevant to any

timeliness issue, and they would not litigate it.

This court has "inherent authority to establish 'rules of judicial procedure.' " (*In re Roberts* (2005) 36 Cal.4th 575, 593.) For the reasons stated, we believe it appropriate to exercise this authority by establishing a time period for gap delay that provides a certain safe harbor for petitioners who file their claims within that time period. We must here decide how long the specified time period should be. As is to be expected, the parties disagree on this point, with the Attorney General urging shorter time periods and Robinson longer ones.

We have said that, in contrast to capital litigants, inmates serving prison terms who are seeking release "have no incentive to engage in delaying tactics that would prolong their imprisonment." (*Catlin v. Superior Court* (2011) 51 Cal.4th 300, 308, fn. 3.) This is true except in the rare case when a petitioner might delay for tactical reasons, as when the petitioner waits for the defense attorney or a key witness or a juror to die and thus be unavailable to counter allegations the attorney provided ineffective assistance or the witness lied or the juror committed misconduct. Thus, normally, intentional delay by the petitioner is not a concern.

On the other hand, good reason exists to require reasonably expeditious presentation of these claims. Timeliness requirements " 'vindicate society's interest in the finality of its criminal judgments, as well as the public's interest "in the orderly and reasonably prompt implementation of its laws." [Citation.] . . . Requiring a prisoner to file his or her challenge promptly helps ensure that possibly vital evidence will not be lost through the passage of time or the fading of memories.' " (*Reno*, *supra*, 55 Cal.4th at p. 459.) Timeliness rules also help

" 'to avoid the need to set aside final judgments of conviction when retrial would be difficult or impossible.' " (*In re Martinez* (2009) 46 Cal.4th 945, 956.)

The Attorney General argues that, because the claim had already been presented in the lower court, filing a new petition in a higher court is easy. It might be, and sometimes is, as easy as simply filling in the prescribed form and adding a copy of the previous petition, as Robinson did in this case. The Attorney General suggests the specified time for filing a new petition in the Court of Appeal after a superior court's denial should be the same as the time limit for filing a notice of appeal in the superior court (generally 60 days after the judgment is rendered (Cal. Rules of Court, rule 8.308(a)), and the time to file a new petition in this court should be the same as the time to file a petition for review (generally 10 days after the Court of Appeal decision (Cal. Rules of Court, rules 8.387(b)(2)(A), 8.500(e)(1)).

The analogy to a notice of appeal, although superficially appealing, is inapt. Although petitioners may, and sometimes do, simply present the same petition in the higher court as in the lower court, they are not *required* to do so. They may wish to try to bolster the claims. A notice of appeal is merely a notice that the party intends to appeal. Record preparation and briefing comes later, and the matter is not submitted in the Court of Appeal until after the case has been fully briefed and argued. A habeas corpus petition, by contrast, effectively constitutes the first round of briefing and in many cases the *only* briefing. Unless the court requests an informal response or issues an order to show cause, the matter is submitted when the petition is filed. Accordingly, we do not believe the time limit to

file a notice of appeal or a petition for review in this court should be the benchmark for gap delay.

Robinson argues that the safe harbor should be at least six months. He notes the problems inherent in filing a petition from within prison. Inmate petitioners are required to use a standard form. (Cal. Rules of Court, rule 4.551(a)(1).) The form contains several pages and requires the petitioner to provide a statement describing any previous petitions and how they were decided. Often difficulties exist in gaining access to legal materials and copying, and in having the finished petition mailed to the court. Moreover, when the superior court denies a petition for a writ of habeas corpus, the order "must contain a brief statement of the reasons for the denial." (Cal. Rules of Court, rule 4.551(g).) In the new petition, a petitioner might want to address the reasons the court stated. If the superior court had conducted an evidentiary hearing, the petitioner might also want to address any adverse factual findings.

All of these considerations convince us that the safe harbor should be longer than the 60 days generally provided for filing a notice of appeal. But the six-month period Robinson urges is unduly generous. Whatever difficulties a petitioner might encounter in reasserting a claim already made in the lower court can usually be met in less than six months. Moreover, in considering how extensive the time gap might be during which the matter would remain "pending" in state court, the United States Supreme Court observed that it did not "see how an unexplained delay of this magnitude [six months] could fall within the scope of the federal statutory word 'pending' as interpreted in *Saffold*." (*Evans v. Chavis, supra,* 546 U.S. at p. 201, citing *Carey v. Saffold, supra,* 536 U.S. at pp. 222–223.)

This observation also counsels against making the safe harbor as long as six months. An unexplained delay of that duration might endanger gap delay tolling in federal court.

As such, a period twice the time for filing a notice of appeal, i.e., 120 days, is reasonable. This time period is not an absolute deadline. Providing a safe harbor simply means that delay beyond the specified time would be subject to the normal *Robbins* analysis. That is, we would consider whether, under all of the circumstances, gap delay longer than 120 days constituted substantial delay and, if so, whether the petitioner demonstrated good cause for the delay or an exception applied. For these reasons, we adopt a time period of 120 days as the safe harbor for gap delay. A new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay.

## III. CONCLUSION

We summarize the procedures relevant to gap delay and our answer to the question the Ninth Circuit posed as follows: Petitioners challenging a state court judgment by means of a petition for a writ of habeas corpus that is not related to a pending direct appeal should first file the petition in the superior court that rendered the judgment. If the superior court denies the petition, the petitioner may file a new petition in the Court of Appeal. That court has discretion to deny without prejudice a petition presenting claims that had not first been presented to the superior court if the court believes it is beneficial to do so. If the Court of Appeal denies the petition, the petitioner may either file a petition for review in this court or file a new petition for a writ of habeas corpus invoking this court's original jurisdiction. This court also has discretion to

deny without prejudice a petition presenting claims that had not previously been presented to the lower courts.

In this process, delay between the filing of the petition in a higher court after the lower court denied relief is relevant to the overall question of timeliness of the claims presented in the petition, but it is not a separate question, and no specific time limits exist. Such delay of up to 120 days would never be considered substantial delay and would not, by itself, make the claim untimely if the petitioner had otherwise presented the claim without substantial delay. Gap delay beyond that time period will not automatically be considered substantial delay but will simply be a relevant factor for the court to consider as part of its overall analysis under *Robbins, supra,* 18 Cal.4th 770.

**GROBAN, J.**

**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  Robinson v. Lewis
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding** XXX on request pursuant to rule 8.548, Cal. Rules of Court
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S228137
**Date Filed:**  July 20, 2020
_____

**Court:**
**County:**
**Judge:**


_____

**Counsel:**

Heather E. Williams, Federal Defender, Carolyn M. Wiggin and David H. Harshaw III, Assistant Federal Defenders, for Petitioner and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, Rachelle A. Newcomb, Brian G. Smiley and David Andrew Eldridge, Deputy Attorneys General, for Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Carolyn M. Wiggin
Assistant Federal Defender
801 I Street, Third Floor
Sacramento, CA 95814
(916) 498-5700

David Andrew Eldridge
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 94244-2550
(916) 324-6291