Filed 9/18/20  P. v. Henry CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT HENRY,<br><br>    Defendant and Appellant. | A159396<br><br>(Solano County<br>Super. Ct. No. FCR333123) |

**MEMORANDUM OPINION[1]**

In October 2017, Robert Henry filed in the trial court a petition for a writ of habeas corpus.  The petition states Henry is serving a sentence of life imprisonment without the possibility of parole, imposed after he was convicted in 1986 of first degree murder with special circumstances.  The petition alleges that newly discovered evidence entitles Henry to habeas relief.  (See Pen. Code, § 1473, subd. (b)(3).)

After proceedings that included a multi-day evidentiary hearing, the trial court denied Henry's habeas petition in December 2019.  Henry filed a notice of appeal, initiating the present appeal (A159396).  Henry's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law. (California Standards of Judicial Administration, § 8.1.)

436 (*Wende*) asking this court to conduct an independent review of the record to determine if there are arguable appellate issues. In the *Wende* brief and counsel's accompanying declaration, counsel states he has written to Henry, notifying him that he may file a supplemental brief within 30 days. Henry has not filed a supplemental brief.

"[I]n noncapital cases, if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal. Instead, the petitioner must file a new, original petition, generally in the Court of Appeal."[2] (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895.) Because the present appeal purports to challenge an order that is not appealable, we shall dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

STREETER, Acting P. J.

WE CONCUR:

TUCHER, J.
BROWN, J

---

[2] We note that Henry has recently filed a habeas petition in this court (A160596), represented by the same appellate counsel who represents him in this appeal. That petition refers to the present appeal (challenging the trial court's denial of habeas relief) and states: "Having determined that the Superior Court's denial of habeas corpus relief was not an appealable order, petitioner's current counsel began investigating the basis for the instant habeas corpus petition." In that habeas proceeding, this court has ordered that a preliminary opposition to the petition be filed, and that the petition be considered together with a different appeal filed by Henry (A158921), which is currently being briefed.