Filed 10/2/20  P. v. Jeffries CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALLEN LYNN JEFFRIES,<br><br>    Defendant and Appellant. | B305396<br><br>(Los Angeles County<br>Super. Ct. No. A356228) |

THE COURT:

Allen Lynn Jeffries appeals the order of the superior court denying his petition for writ of habeas corpus challenging his 1980 second degree murder conviction.  (Pen. Code,[1] § 187, subd. (a).)  We appointed counsel to represent Jeffries on appeal, and after examination of the record, counsel filed an opening brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. Jeffries filed his own supplemental brief, in propria persona.

---

[1] Undesignated statutory references are to the Penal Code.

## BACKGROUND

On August 13, 1980, Jeffries pleaded guilty to one count of second degree murder. The court imposed a state prison sentence of 15 years to life on the charge.

On December 24, 2019, Jeffries filed a petition for writ of habeas corpus in the superior court seeking to vacate his conviction under Assembly Bill No. 1618 (AB 1618), which enacted section 1016.8, providing that ameliorative changes in sentencing laws apply to defendants who plead guilty. The superior court summarily denied the petition.

## DISCUSSION

Jeffries purports to appeal the order denying his habeas petition, but in a noncapital case, no appeal lies from the denial of a petition for writ of habeas corpus. (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895 ["in noncapital cases, if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal. Instead, the petitioner must file a new, original petition, generally in the Court of Appeal"]; *Briggs v. Brown* (2017) 3 Cal.5th 808, 836 ["A petitioner currently has no right to appeal from a superior court denial of habeas corpus relief. Instead, review is obtained by filing a new habeas corpus petition in a higher court"]; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7 ["Because no appeal lies from the denial of a petition for writ of habeas corpus, a prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal"].)

In his supplemental brief, Jeffries challenges matters arising prior to the entry of his plea. He contends "there was never a probable cause determination hearing within 48 hours," nor was an arraignment held. In support of both assertions,

Jeffries claims there are no transcripts to verify these proceedings ever occurred.  These issues are not cognizable in this appeal.

Because Jeffries has no right to appeal the denial of his petition for writ of habeas corpus, the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

LUI, P.J.   CHAVEZ, J.   HOFFSTADT, J.