Filed 1/14/21  P. v. Thomas CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | B306959 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A763067) |
| v. | |
| ROBERT QUINCY THOMAS, | |
| Defendant and Appellant. | |

THE COURT:

Robert Quincy Thomas (defendant) appeals the order of the superior court denying his petition for writ of habeas corpus challenging his 1986 plea of no contest to second degree murder.  (Pen. Code, § 187, subd. (a).)[1]  We appointed counsel to represent defendant on appeal, and after examination of the record, counsel filed an opening brief raising no issues and asking

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. Defendant filed his own supplemental brief, in propria persona.

## BACKGROUND

In February 1986, defendant pled guilty to one count of second degree murder and was sentenced to state prison for 15 years to life.

On June 10, 2020, defendant filed a petition for writ of habeas corpus in the superior court seeking to vacate his conviction based on ineffective assistance of counsel.

On June 23, 2020, the superior court denied the petition on two broad grounds—namely, that (1) defendant's petition was untimely filed, and (2) his ineffective assistance of counsel claims lacked merit because his counsel was not ineffective for (a) failing to advise him of the applicability of later-enacted section 1016.8, which did not apply to defendant, and (b) not objecting to the charging document, which was not defective.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant purports to appeal the order denying his habeas petition. In a noncapital case, however, no appeal lies from the denial of a petition for writ of habeas corpus. (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895 ["in noncapital cases, if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal. Instead, the petitioner must file a new, original petition, generally in the Court of Appeal"]; *Briggs v. Brown* (2017) 3 Cal.5th 808, 836 ["A petitioner currently has no right to appeal from a superior court denial of habeas corpus relief. Instead, review is obtained by filing a new habeas corpus petition in a higher court"]; *In re*

2

*Clark* (1993) 5 Cal.4th 750, 767, fn. 7 ["Because no appeal lies from the denial of a petition for writ of habeas corpus, a prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal"].)

Because defendant has no right to appeal the denial of his petition for writ of habeas corpus, this appeal must be dismissed. As a consequence, we may not consider the content of his supplemental brief, which speaks to issues that we may consider only if we have jurisdiction.

### DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI , P. J.,          ASHMANN-GERST, J.,          HOFFSTADT, J.