Filed 3/3/22  P. v. Thomas CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B315421 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A763067) |
| v. | |
| ROBERT QUINCY THOMAS, | |
| Defendant and Appellant. | |

THE COURT:

Robert Quincy Thomas (defendant) appeals the order of the superior court denying his motion for a sentence modification, which the trial court construed as a petition for writ of habeas corpus.  We appointed counsel to represent defendant on appeal, and after examination of the record, counsel filed an opening

brief raising no issues and asking this court to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. Defendant filed a supplemental brief, in propria persona.

## BACKGROUND

In February 1986, defendant pled guilty to one count of second degree murder (Pen. Code, § 187, subd. (a))[1] and was sentenced to state prison for 15 years to life.

On June 4, 2020, defendant filed a petition seeking resentencing under section 1170.95. (*People v. Thomas* (Jan. 14, 2021, B306959).)

On June 10, 2020, defendant filed a petition for writ of habeas corpus in the superior court seeking to vacate his conviction based on ineffective assistance of counsel. (*People v. Thomas*, *supra*, B306959.)

On June 23, 2020, the superior court denied the petition for writ of habeas corpus on two broad grounds—namely, that (1) defendant's petition was untimely filed, and (2) his ineffective assistance of counsel claims lacked merit because his counsel was not ineffective for (a) failing to advise him of the applicability of later-enacted section 1016.8, which did not apply to defendant, and (b) not objecting to the charging document, which was not defective. (*People v. Thomas*, *supra*, B306959.)

Defendant appealed the order. However, in a noncapital case, no appeal lies from the denial of a petition for writ of habeas corpus. (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895 ["in noncapital cases, if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Instead, the petitioner must file a new, original petition, generally in the Court of Appeal"]; *Briggs v. Brown* (2017) 3 Cal.5th 808, 836 ["A petitioner currently has no right to appeal from a superior court denial of habeas corpus relief. Instead, review is obtained by filing a new habeas corpus petition in a higher court"]; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7 ["Because no appeal lies from the denial of a petition for writ of habeas corpus, a prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal"].) Accordingly, we dismissed that appeal. (*People v. Thomas*, *supra*, B306959.)

On August 6, 2020, the trial court denied defendant's resentencing petition on the ground that defendant was "the actual killer" and hence "ineligible for relief" under section 1170.95 "as a matter of law." Defendant did not appeal the order.

On April 14, 2021, defendant filed a petition for a writ of habeas corpus in this court, contending that his 1986 plea agreement was invalid. We denied the petition.

On July 8, 2021, defendant filed with the trial court a one-page handwritten document titled "motion for sentence modification" that alluded to Senate Bill No. 1437, which amended sections 188 and 189 and added section 1170.95.

On August 24, 2021, in a written memorandum of decision, the trial court construed the motion as a petition for writ of habeas corpus, and summarily denied defendant's petition. The court explained that although defendant appeared to be requesting resentencing pursuant to section 1170.95, he had not complied with the procedural requirements of that section; i.e., he failed to serve the petition on the appropriate parties, to include a declaration that he was eligible for relief, and to specify whether

3

or not he wished to have counsel appointed. (§ 1170.95, subd. (b)(1)(A) & (C).) The court also noted that defendant's prior petition for relief pursuant to section 1170.95 had been denied because defendant is the actual killer and was therefore ineligible for relief as a matter of law.

On September 21, 2021, defendant filed a timely notice of appeal.

## DISCUSSION

Defendant once more purports to appeal the order denying his habeas petition. As noted above, no appeal lies from the denial of a petition for writ of habeas corpus. (See generally *Robinson v. Lewis* (2020) 9 Cal.5th 883, 895; *Briggs v. Brown* (2017) 3 Cal.5th 808, 836.) Because defendant has no right to appeal the denial of his petition for writ of habeas corpus, this appeal must be dismissed. Thus, to the extent defendant's supplemental brief addresses issues beyond those covered by section 1170.95, they are beyond our jurisdiction to consider.

Even if we were to disregard the trial court's characterization of defendant's motion as a habeas petition, and instead to treat it as a successive petition for relief under section 1170.95, to the extent it seeks relief under that section, the trial court's denial of relief was still appropriate. It is undisputed that defendant's motion did not declare that he was eligible for relief under the requirements of Senate Bill 1437, and did not specify whether he sought the appointment of counsel. Where, as here, "information required by" section 1170.95 "is missing from the petition and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd.

4

(b)(2).)  Here, the trial court's order spelled out why defendant's petition was deficient under section 1170.95.  Although the court opted to construe the deficient filing as a habeas petition (rather than treating it solely as a deficient section 1170.95 filing and denying it without prejudice to a corrected filing), this is of no consequence because this was defendant's second section 1170.95-based filing, which demonstrates that defendant already knows he may file a successive petition.

## DISPOSITION

The appeal is dismissed.

_____

LUI , P. J.,       ASHMANN-GERST, J.,       HOFFSTADT, J.