Filed 4/14/22  P. v. Edwards CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B311546 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA096007) |
| v. | |
| KEITH ANSELM EDWARDS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Dismissed.

Jennifer L. Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Keith Anselm Edwards appealed following the trial court's denial of a resentencing motion under Penal Code section 1170.91[1] and a petition for writ of habeas corpus. Appellant's appointed counsel filed a brief on appeal raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Because neither appellant nor his counsel has raised a cognizable claim of error, we dismiss the appeal as abandoned.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2017, appellant entered a restaurant and punched a customer in the face while holding a knife, causing the customer to suffer injuries, including an orbital fracture and a cut requiring 12 stitches. The People filed an information charging appellant with premeditated attempted murder (§§ 187, subd. (a), 664, count 1); criminal threats (§ 422, subd. (a), count 2); assault with a deadly weapon (§ 245, subd. (a)(1), count 3); and mayhem (§ 203, count 4). The information further alleged as to each count that appellant used a knife (§ 12022, subd. (b)(1)), and as to counts 1 through 3, that appellant caused great bodily injury (§ 12022.7, subd. (a)). In addition, the information alleged that appellant had a prior strike (§§ 667, 1170.12), a prior serious felony conviction (§ 667, subd. (a)), and a prison prior (§ 667.5, subd. (b)).

On July 18, 2019, appellant pled no contest to assault with a deadly weapon (count 3), admitted the great bodily injury allegation, and admitted his prior strike. The court sentenced appellant to nine years: the mid-term of three years, doubled due

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

to the prior strike, plus three years for the great bodily injury enhancement. The remaining counts were dismissed.

On February 2, 2021, appellant filed a request to be resentenced pursuant to section 1170.91, which requires a sentencing court to consider as a mitigating factor whether a defendant suffers mental health problems as a result of military service. Appellant also requested resentencing pursuant to the Los Angeles County District Attorney's Special Directive 20-08. On February 17, 2021, the trial court denied resentencing based on the Special Directive, stating that the Special Directive did not constitute legal authority for resentencing. The court appointed counsel to "investigat[e] the validity" of appellant's contention under section 1170.91.

On February 19, 2021, appellant filed a petition for writ of habeas corpus, also seeking to recall his sentence and vacate the three-year enhancement. In the petition, appellant again argued that he was entitled to resentencing based on the Special Directive and section 1170.91. On February 24, 2021, the trial court denied appellant's petition for writ of habeas corpus, stating that the court lacked jurisdiction to change appellant's sentence, and the Special Directive did not constitute legal authority for resentencing.

Appellant filed a notice of appeal. The notice does not make clear whether appellant intended to appeal the order on the request for resentencing, the order denying the writ petition, or both.

## DISCUSSION

Appellant's appointed counsel filed a brief raising no issues and invoking *Serrano, supra,* 211 Cal.App.4th 496. Under *Serrano*, when appointed counsel raises no issue in an appeal

3

from a post-judgment proceeding, an appellate court need not independently review the record and may dismiss the appeal if the appellant fails to file a supplemental brief.  (*Id.*, at pp. 498, 503.)  We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days.  We received no response.

The trial court appointed counsel to investigate appellant's potential entitlement to resentencing under section 1170.91; the outcome of that investigation, or any resulting resentencing decision, is not indicated in the appellate record.  Because neither appellant nor his counsel has raised any claim of error, and because the denial of a petition for habeas corpus is not an appealable order (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895), we dismiss the appeal as abandoned.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

MANELLA, P. J.

CURREY, J.

4