**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RALPH A. GARCIA,

        Petitioner-Appellant,

v.

THERESA CISNEROS,

        Respondent-Appellee.

No.   21-16163

D.C. No. 3:19-cv-07600-VC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted June 15, 2022
San Francisco, California

Before:  S.R. THOMAS, GOULD, and BEA, Circuit Judges.
Dissent by Judge S.R. THOMAS

Appellant Ralph Garcia was convicted of the murder of Enrique Flores after

Flores was found beaten and stabbed to death in a strip-mall parking lot. Appellant

was sentenced to twenty-five years to life in prison, plus a ten-year gang

enhancement. After being denied habeas relief on grounds of ineffective assistance

of counsel in California state court, Appellant sought and was denied habeas relief

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

in federal district court. Reviewing the district court's denial of Appellant's habeas petition de novo, *Zavala v. Ives*, 785 F.3d 367, 370 (9th Cir. 2015), we affirm.

**1.      AEDPA Deference**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which governs here, we grant deference to a state court's denial of habeas relief on the merits unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law."   28 U.S.C. § 2254(d)(1). State habeas petitions are presumed to have been adjudicated on the merits, *Johnson v. Williams*, 568 U.S. 289, 293 (2013), but this presumption can be rebutted "when there is reason to think some other explanation for the state court's decision is more likely." *Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). If the state court did not adjudicate on the merits, we review de novo. *Pirtle v. Morgan*, 313 F.3d 1160, 1167(9th Cir. 2002).

When, as here, a habeas petition is summarily denied, our court typically "look[s] through the unexplained decision to the last-related state court decision that does provide a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (cleaned up). Applying the "look-through doctrine" takes us to the Superior Court's denial, which ruled only on a subset of Appellant's ineffective assistance of counsel claims. Appellant argues that the unaddressed claims were never adjudicated on the merits and are therefore entitled to de novo review.

We disagree. The "look-through doctrine" does not apply: (1) where "alternative grounds for affirmance [] were briefed or argued," or (2) "where the lower state court decision is unreasonable." *Id.* at 1192, 1196. Both circumstances are present here. All ineffective assistance of counsel claims were briefed before the California Court of Appeal and the California Supreme Court, not just the claims ruled upon by the Superior Court. And the Superior Court unreasonably failed to rule on several of Appellant's strongest ineffective assistance of counsel claims. We find that "it is more likely," *id.* at 1196, that the California Supreme Court performed its own merits analysis of Appellant's habeas petition and did not rely on the incomplete reasoning of the Superior Court, particularly because, under California law, "a [California] Court of Appeal that considers a new [habeas] petition does not directly review the superior court's ruling but makes its own ruling" as an exercise of "the higher court's original jurisdiction." *Robinson v. Lewis*, 9 Cal. 5th 883, 896-97 (Cal. 2020). The presumption of a decision on the merits prevails and we apply AEDPA deference to the state court decisions.

## 2.    Ineffective Assistance of Counsel

Ineffective assistance of counsel violates the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel, Appellant must show: (1) his counsel's performance was deficient, and (2) the deficient performance caused prejudice. *Id.* at 687. "Failure to

3

satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002). Here, we need reach only the prejudice element of Appellant's *Strickland* claim. To demonstrate prejudice, Appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The prosecution's primary theory of the murder was that Appellant started a confrontation with Flores, who Appellant mistakenly believed was in a rival gang. Two of Appellant's fellow gang members joined in the fight and beat Flores while Appellant stabbed him in the abdomen with a knife. The jury was also instructed on an aiding and abetting theory, allowing them to convict Appellant if the jury found he participated in the beating with the intent to commit murder, even if the prosecution did not prove beyond a reasonable doubt that Appellant was the stabber.

The record strongly suggests that the jurors relied on this aiding and abetting theory. While Appellant faults his attorney for failing to introduce exculpatory and impeachment evidence, the jury heard unwavering testimony from one of the attackers that he saw Appellant initiate the attack and punch Flores repeatedly. Aiding and abetting was one of the last ideas the prosecutor suggested in his closing argument before the jury deliberated. And the jurors posed several questions to the

court during deliberations about aiding and abetting liability.[1] Assuming *arguendo* that Appellant's attorney performed deficiently in defending Appellant on the direct-liability murder theory, Appellant was not prejudiced because he would likely have been convicted on the aiding and abetting theory.[2] The California Supreme Court reasonably applied federal law in denying habeas relief.

## 3. Evidentiary Hearing

The Superior Court did not unreasonably apply federal law in denying Appellant an evidentiary hearing on some but not all ineffective assistance of counsel claims. "[W]e have never held that a state court must conduct an evidentiary hearing to resolve every disputed factual question." *Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012). Because the Superior Court had all relevant exculpatory and impeachment evidence before it, its "decision not to hold an evidentiary hearing does not render its fact-finding process unreasonable." *Id.* Similarly, reviewing for abuse of discretion, *Runningeagle v. Ryan*, 825 F.3d 970, 990 (9th Cir. 2016), the district court had sufficient evidence before it to deny an evidentiary hearing.

---

[1] For example, the jury asked whether Appellant could be found guilty of murder "under the rules of aiding and abetting even if the perpetrator (i.e., stabber) was possibly someone else?" to which the court replied "Yes."

[2] The dissent points out that the California Court of Appeal, when ruling on Appellant's direct appeal of his conviction, concluded that no reasonable jury could have found Appellant guilty on an aiding and abetting theory. But we are not bound to follow this reasoning, as AEDPA requires that we show deference to a state court's denial of a habeas petition, not its dicta on direct appeal.

**AFFIRMED.**

*Garcia v. Cisneros*, no. 21-16163

S.R. THOMAS, Circuit Judge, dissenting:

I respectfully disagree with the panel majority's conclusion that the state court could have reasonably concluded that Garcia's *Strickland* claims fail because he cannot show prejudice.

In my view, the district court was entirely correct in holding that Garcia had established that his counsel was constitutionally ineffective. Nonetheless, the district court ultimately denied Garcia's § 2254 petition because "it would not have been objectively unreasonable for the state courts to conclude that [trial counsel's] incompetence did not make a difference with respect to the jury convicting on an aiding and abetting theory." However, the California Court of Appeal made a factual determination that there was "no way that a reasonable jury would have found [Garcia] guilty of first degree murder on the theory that he aided and abetted the actual stabber." Under AEDPA, a federal court owes "a highly deferential review of the state court's [factual] findings." *Oliver v. Davis*, 25 F.4th 1228, 1233 (9th Cir. 2022). Thus, I would defer to the state court decision and conclude that Garcia has established the requisite prejudice under *Strickland*. Therefore, I respectfully dissent.