Filed 7/21/25  P. v. Reyes CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JULIO CESAR REYES,<br><br>    Defendant and Appellant. | B334117<br><br>Los Angeles County<br>Super. Ct. No. BA426418 |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Conditionally reversed and remanded with instructions.

Law Offices of Allen G. Weinberg and Derek K. Kowata under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven E. Mercer and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2016, defendant and appellant Julio Cesar Reyes was convicted by jury trial of murder and robbery in adult court. Reyes was 17 years old when those crimes occurred. As the parties correctly explain on appeal, under the Public Safety and Rehabilitation Act of 2016 (Proposition 57), which took effect before Reyes's judgment became final, Reyes is now entitled to a transfer hearing in juvenile court. Because the parties agree on the proper resolution of this appeal, and because we agree with the parties, we resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.)

## BACKGROUND[1]

The electorate passed Proposition 57 on November 8, 2016, and it took effect the next day. (*People v. Superior Court* (*Lara*) 4 Cal.5th 299, 304 (*Lara*).) "Proposition 57 prohibits prosecutors from charging juveniles with crimes directly in adult court." (*Lara, supra*, at p. 303.) "Instead, they must commence the action in juvenile court." (*Ibid.*) "If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct . . . a 'transfer hearing' to determine whether the matter should remain in juvenile court or be transferred to adult court." (*Ibid.*) "Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult. (See Welf. & Inst. Code, § 707, subd. (a).)" (*Lara, supra*, at p. 303, fn. omitted.) Proposition 57 applies retroactively to nonfinal judgments. (*Lara, supra*, at pp. 303−304.)

---

[1] We limit our recitation of background information to that needed to provide context for and resolve the issues on appeal.

In October 2016, the Los Angeles County District Attorney filed an amended information in adult court charging Reyes with murder (Pen. Code,[2] § 187, subd. (a)) and robbery (§ 211). The amended information also charged Reyes with various gang and firearm allegations. As mentioned above, Reyes was 17 years old when the charged offenses occurred. The jury convicted Reyes on both counts and found gang and firearm allegations true on each count. The jury reached its verdicts on November 10, 2016, the day after Proposition 57 took effect. (*Lara, supra*, 4 Cal.5th at p. 304.) Reyes filed a Proposition 57 motion to transfer the matter to the juvenile court, which the trial court denied in February 2017. On direct appeal, Reyes's counsel neglected to argue that Proposition 57 applied to his client's nonfinal judgment, and a different panel of this court affirmed the judgment. (*People v. Sailor, et al.* (Apr. 15, 2020, B287411 [nonpub. opn.].).)

In July 2022, Reyes filed a resentencing petition under former section 1170.95 (now section 1172.6).[3] In August 2023, after appointing counsel on Reyes's behalf and allowing briefing, the trial court issued a written order denying Reyes section 1172.6 relief as a matter of law. In denying relief, the court explained, among other things, that the record of conviction demonstrated Reyes's jury was never instructed on any imputed-malice theory of homicide liability.[4]

---

[2]     All undesignated statutory references are to the Penal Code.

[3]     Section 1172.6 provides relief for certain individuals convicted of murder under a now-invalid imputed-malice theory of liability. (See *Ibid.*)

[4]     On appeal, Reyes does not challenge the denial of his section 1172.6 petition.

3

The same day the trial court denied Reyes's section 1172.6 petition, he filed a motion in the trial court to correct his unauthorized sentence, arguing that he is entitled to a juvenile transfer hearing under Proposition 57 and *Lara*. The trial court denied that motion two days later. In doing so, the court explained that the motion raised the same issue the court had already rejected in 2023 in a previous habeas corpus proceeding brought by Reyes.

In September 2023, Reyes timely appealed the denial of both his section 1172.6 petition and his Proposition 57 motion to correct his unauthorized sentence.

In April 2024, this court denied Reyes's petition for writ of habeas corpus filed on January 8, 2024 in case number B334320. The court denied the writ petition "without prejudice because the issues raised intertwine with issues on appeal" in the instant case. In his habeas petition, Reyes argued that he is entitled to a juvenile transfer hearing under Proposition 57.

## DISCUSSION

As noted above, the parties agree, and we agree with the parties, that Reyes is entitled to a transfer hearing under Proposition 57. Because Reyes was 17 years old when he committed the charged offenses, and because his judgment was not yet final when Proposition 57 took effect, Reyes was and is entitled to its benefit. (*Lara, supra,* 4 Cal.5th at pp. 303−304 [Proposition 57 applies to nonfinal judgments]; *People v. Lizarraga* (2020) 56 Cal.App.5th 201, 206 [a case is not final until the time for petitioning for a writ of certiorari has passed]; U.S. Supreme Ct. Rules, rule 13(1) [petition for writ of certiorari is timely if filed with the clerk of the United States Supreme Court within 90 days after entry of judgment of a state court of last

4

resort].)  In the interest of judicial economy, we exercise our discretion to construe this appeal as a petition for writ of habeas corpus (see *People v. Byron* (2009) 170 Cal.App.4th 657, 666; *Robinson v. Lewis* (2020) 9 Cal.5th 883, 895; § 1260), and we remand the matter to the juvenile court to hold a transfer hearing in accordance with Proposition 57.

## DISPOSITION

The judgment of the adult criminal court is conditionally reversed, and the matter is remanded to the juvenile court for a transfer hearing under Welfare and Institutions Code section 707.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


TAMZARIAN, J.

We concur:



ZUKIN, P.J.



COLLINS, J.