Filed 9/30/20  P. v. Hernandez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B303538 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA341948) |
| v. | |
| OSVALDO HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Bork, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

In 2009 a jury convicted Osvaldo Hernandez of first degree murder (Pen. Code,[1] § 187, subd. (a)), attempted murder (§§ 187, 664), and being a felon in possession of a firearm (former § 12021, subd. (a)(1)).  The jury also found true that he personally used and discharged a gun in the commission of the murder and attempted murder (§ 12022.53, subds. (b), (c) & (d)) and that he committed those crimes for the benefit of, at the direction or, or in association with a criminal street gang (§ 186.22, subd. (b)).  The court sentenced him to prison for 50 years to life.  The court also imposed $180 in fees and assessments (former § 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1)), a $200 restitution fine (former § 1202.4, subd. (b)) and $7,500 in victim restitution (§ 1202.4, subd. (f)).  Hernandez did not object to, or request a hearing with respect to, the fees, assessments, fine, or restitution order.

Hernandez appealed and, in 2012, we held that the court should have applied section 654 to stay the sentence on the count of being a felon in possession of a firearm, and otherwise affirmed the judgment.  (*People v. Hernandez* (Aug. 2, 2012, B223969) [nonpub. opn.].)

In 2019, Hernandez filed a petition for writ of habeas corpus in the superior court challenging the order to pay "restitution" on the ground that the sentencing court did not determine whether he had the ability to pay the amounts imposed.  He asserted that his delay in filing the petition was excusable because the petition is based on "new law" established in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).

The court "summarily denied" the petition on the grounds that it was untimely and raised issues that could have been, but

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

were not, raised on appeal—the *Dixon*[2] rule—and Hernandez failed to allege facts establishing an exception to the *Dixon* rule. Hernandez appealed from that order.

We appointed counsel for defendant, who filed a brief raising no issues on appeal and requesting that we independently review the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), to determine if the lower court committed any error.

Because Hernandez's appeal is from an order denying postconviction relief, the procedural protections established in *Wende*, *supra*, 25 Cal.3d 436 do not apply. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1034 (*Cole*), petn. for review pending, petn. filed Sept. 4, 2020, S264278; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503 (*Serrano*).) In *Cole*, Division Two of this court recently explained that in a criminal appeal from a postconviction order to which *Wende* does not apply, counsel who find no arguable issues are required to "file a brief with the Court of Appeal setting forth (1) a brief statement of the pertinent procedural history of the case, (2) a brief summary of the pertinent facts, (3) counsel's declaration that there are no reasonably arguable issues to present on appeal, and (4) counsel's affirmation that he or she remains ready to brief any issues at the request of the Court of Appeal." (*Cole*, *supra*, 52 Cal.App.5th at p. 1038.) Counsel in this case fulfilled these requirements.

The appeal is subject to dismissal for two reasons. First, in noncapital cases, there is "no right to appeal from a superior court denial of habeas corpus relief." (*Briggs v. Brown* (2017) 3 Cal.5th 808, 836; accord, *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; *Robinson v. Lewis* (2020) 9 Cal.5th 883, 895.) Because the order is

---

[2] *In re Dixon* (1953) 41 Cal.2d 756

nonappealable, the appeal from that order must be dismissed. (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 133, 135.)[3]

Second, because *Wende* does not apply and Hernandez did not file a supplemental brief, we deem the appeal to be abandoned. (See *Cole, supra,* 52 Cal.App.5th at p. 1039, petn. for review pending, petn. filed Sept. 4, 2020, S264278; *People v. Serrano, supra,* 211 Cal.App.4th at pp. 503–504.)

---

[3] Although a reviewing court may deem an appeal from an order denying a habeas corpus petition as a new habeas petition in the reviewing court (see *People v. Gallardo* (2000) 77 Cal.App.4th 971, 986), neither Hernandez nor his counsel has requested that we do so. Even if they had and we did, we would deny the petition. Aside from the issues concerning timeliness and the *Dixon* rule that the trial court noted, we would reject his claim on the merits. To the extent Hernandez is challenging the order to pay victim restitution in the amount of $7,500, the rule announced in *Duenas*—even if otherwise valid—does not apply to victim restitution imposed under section 1202.4, subdivision (f). (*People v. Abrahamian* (2020) 45 Cal.App.5th 314, 338*; People v. Evans* (2019) 39 Cal.App.5th 771, 777.) To the extent Hernandez is challenging the fees, assessments, and restitution fine, *Duenas* does not apply for the reasons given in *People v. Kingston* (2019) 41 Cal.App.5th 272, 279–281, and *People v. Caceres* (2019) 39 Cal.App.5th 917, 928-929.

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P. J.

We concur:


        BENDIX, J.


        SINANIAN, J.*

---

        **\*** Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.