Filed 11/2/20  P. v. Cervera CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B306160 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA266956) |
| v. | |
| DAVID CERVERA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed.

David Cervera, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 1985 and 1989, David Cervera entered into plea bargains that resulted in first degree burglary convictions.

In 2004, Cervera was convicted of four counts of first degree burglary and one count of grand theft. He was sentenced to a term of 41 years 8 months to life based in part on findings that the burglary convictions that resulted from his prior pleas constituted strikes under the "Three Strikes" law. We affirmed the judgment in 2006. (*People v. Cervera* (Feb. 27, 2006, B181421) [nonpub. opn.].)

On April 7, 2020, Cervera filed a petition for writ of habeas corpus in the superior court. In stating the grounds for the petition, Cervera incorporated an attached petition for resentencing based on Penal Code section 1016.8.[1] In the petition for resentencing, Cervera asserts that the plea bargains he made in 1985 and 1989 were not made knowingly and voluntarily because he was unaware that the convictions could be later used against him under the subsequently enacted Three Strikes law.

On April 27, 2020, the court denied the petition on its merits.

Cervera appealed. His notice of appeal states that he is appealing from the denial of his "petition for [m]odification of [s]entence pursuant to Penal Code [section] 1016.8[, subdivision] (a)."

We appointed counsel for Cervera, who filed a brief raising no issues and requesting that we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. Counsel provided Cervera with a copy of the record and his brief, and told Cervera that he had the right to file a

---

[1] Subsequent statutory references are to the Penal Code.

2

supplemental brief. Counsel stated that he remains available to brief any issues upon our request.

Cervera filed a supplemental brief in which he reiterates the argument he made in his petition to the superior court.

To the extent the document Cervera filed in the superior court is a petition for writ of habeas corpus, the court's denial of that petition is not appealable. (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.) To the extent his petition sought relief under section 1016.8, nothing in that statute authorizes a collateral attack on a final judgment and no other basis for superior court jurisdiction over the petition appears from our record. (See *People v. Picklesimer* (2010) 48 Cal.4th 330, 337 [collateral attacks by postjudgment motion are generally not permitted]; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 ["Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence."].) We do not, therefore, appear to have jurisdiction to consider the appeal. (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

If the appeal is properly before us, it is without merit. Section 1016.8, subdivision (a)(4) of that statute provides: "A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent." (§ 1016.8, subd. (a)(4).) Subdivision (b) states: "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively

3

apply after the date of the plea is void as against public policy." (§ 1016.8, subd. (b).)

The Legislature enacted section 1016.8 in response to a report that a particular district attorney's office was including a provision in plea agreements whereby the defendant agreed to waive " 'all future potential benefits of any legislative actions or judicial decisions or other changes in the law that may occur after the date of this plea,' " and a statement in a 2019 decision indicating that such a waiver would be enforceable. (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1153, citing Sen. Com. on Public Safety, Analysis of Assem. Bill No. 1618 (2019–2020 Reg. Sess.) July 1, 2019, pp. 6–7.) By enacting section 1016.8, the Legislature "intended to 'make such provisions in a plea bargain void as against public policy.' " (*People v. Barton*, *supra*, 52 Cal.App.5th at p. 1153.)

Even if section 1016.8 applies to Cervera's plea agreements, the statute would not help him because he is not seeking to obtain the *benefit* of changes in any law that postdates his plea bargains. Rather, he is seeking to avoid the *adverse* effect of a post-plea change in the law, namely, the enactment of the Three Strikes law. It is well-established that convictions based on guilty pleas that predate enactment of the Three Strikes law can enhance sentences imposed under that law. (See *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1068–1070; *People v. Sipe* (1995) 36 Cal.App.4th 468, 476–479; see also *Doe v. Harris* (2013) 57 Cal.4th 64, 66 [a plea agreement does not insulate the parties "from changes in the law that the Legislature has intended to apply to them"]; § 1016.8, subd. (a)(1) [same].) Nothing in section 1016.8 alters

4

that principle.  Therefore, the court did not err in denying Cervera's petition on its merits.

We are satisfied that Cervera's counsel has fulfilled his responsibilities (see *People v. Cole* (2020) 52 Cal.App.5th 1023, 1038, review granted Oct. 14, 2020, S264278) and conclude that the appeal raises no arguable issues.

## DISPOSITION

The trial court's April 27, 2020 order is affirmed. <u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

BENDIX, J.

5