Filed 1/25/21  P. v. Red CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GEORGE RED,<br><br>    Defendant and Appellant. | H047891<br>(Santa Clara County<br> Super. Ct. No. CC088712) |

Appellant George Red filed a postjudgment motion in the trial court for modification of his sentence based on Penal Code section 1016.8.[1]  The court denied the motion, and he appealed.  His appellate counsel has filed an opening brief in this court under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*) raising no issues on appeal.  Red filed a supplemental brief that solely sets forth claims related to his underlying conviction.  For the reasons explained below, we dismiss Red's appeal.

## I.  FACTS AND PROCEDURAL BACKGROUND

Following a jury trial in 2001, Red was found guilty of three counts of bank robbery and one count of attempting to evade a police officer while driving recklessly.[2]

---

[1] Unspecified statutory references are to the Penal Code.

[2] We take these facts from this court's unpublished opinion in Red's direct appeal (*People v. Red* (Sept. 2, 2003, H024574) [nonpub. opn.] (*Red*)), of which we take judicial notice.  (Evid. Code, §§ 452, subd. (d), 459.)

The trial court found true 11 prior felony convictions, sentenced him under the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12), and found that four of the priors qualified as five-year enhancements under section 667, subdivision (a). In 2002, Red was sentenced to 95 years to life in prison.

Red appealed the judgment. In 2003, a panel of this court struck two of the five-year enhancements, found the evidence supporting one of the strike allegations was insufficient, and otherwise affirmed the judgment. (*People v. Red*, *supra*, H024574.) Over the ensuing years, Red has filed a number of petitions seeking writs of mandate or habeas corpus, all of which have been denied.

Pertinent to this appeal, in January 2020, Red filed in propria persona two documents in the trial court. His filings generally sought to modify his sentence based on a new law relating to plea bargains, specifically Assembly Bill No. 1618 that added section 1016.8 to the Penal Code. (2019-2020 Reg. Sess.) He filed his first document on January 6, 2020, which was titled "Petition for Reconsideration and Modification of Sentence." Shortly thereafter, on January 17, 2020, Red filed a second document titled "Petition for Sentence Modification [and] Revision." He argued that plea bargaining had been "instrumental in establishing past convictions as a tool to enhance my sentence to that of life" and that a "majority of [his] criminal past was the result of plea bargains." He requested that the court make the "necessary adjustments of a modification of sentence." Red also attached an exhibit purporting to be a printout of his prior criminal convictions, including entries stating there had been a "plea." He also attached as a separate exhibit the text of section 1016.8 and Assembly Bill No. 1618.

On January 27, 2020, the trial court filed a written order denying Red's motion. The trial court found that section 1016.8 did not apply to Red's case. The trial court further stated, "Petitioner appears to be suggesting that the reasoning behind the denial of his past several habeas petitions was impacted by this new law. Petitioner is mistaken.

2

His past habeas petitions were denied on their merits—not because Petitioner waived any future benefits or changes in the law."

On February 11, 2020, Red filed a notice of appeal. We appointed counsel to represent Red in this court. Appointed counsel filed an opening brief pursuant to *Serrano*, *supra*, 211 Cal.App.4th 496 that raised no issues. Pursuant to *Serrano*, we notified Red of his right to submit written argument on his own behalf within 30 days. We received a supplemental brief from Red in propria persona.

## II. DISCUSSION

Because Red has filed a supplemental brief, we do not dismiss the appeal as abandoned but instead consider his contentions. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278 (*Cole*).) We first address our jurisdiction based on Red's notice of appeal.

Red's notice of appeal, dated February 11, 2020, does not specify which trial court order he is appealing from, and multiple trial court orders appear in the clerk's transcript in this appeal.[3] However, Red's notice of appeal specifically cites to Assembly Bill No. 1618 (2019-2020 Reg. Sess.) and section 1016.8, subdivision (b), the new law addressed by the trial court in its January 27, 2020 order. We therefore understand Red to be appealing that order, which appeal is timely. (Cal. Rules of Court, rule 8.308(a).) However, to the extent his notice of appeal encompasses other trial court orders that appear in the clerk's transcript, his appeal of such prior orders is untimely, and we may not review them in this appeal. (Cal. Rules of Court, rule 8.308(a).)

In his February 11, 2020 notice of appeal, Red also states the trial court "recharacterized defendant[']s motion as habeas corpus and violated defendant[']s

---

[3] Specifically, the clerk's transcript contains trial court orders dated October 20, 2014, March 21, 2016, March 7, 2017, June 2, 2017, August 30, 2018, February 1, 2019, and March 13, 2019, which include orders that denied his petitions for a writ of habeas corpus.

3

substantial rights as even changes in the law allows habeas relief." We have reviewed the January 27, 2020 order and disagree with Red that the trial court made any mischaracterization. The body of the trial court's order refers to Red's papers as a "motion," discussing that motion in the context of Red's past habeas petitions. Moreover, to the extent Red appears to claim that the documents he filed in the trial court were intended to be a petition for writ of habeas corpus, and even assuming the trial court treated them as such, the court's denial of that petition is not appealable. (See *Robinson v. Lewis* (2020) 9 Cal.5th 883, 895.)

In the January 27, 2020 order, the trial court found that section 1016.8 does not apply to Red's case. We agree. Section 1016.8 does not apply to cases that are final on appeal (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1153), and nothing in the statute authorizes a collateral attack on a final judgment.

However, Red's supplemental brief raises no arguments addressing section 1016.8. In his brief, Red states his sentence should be reduced, he received an unfair trial or there was insufficient evidence to convict him, and his trial counsel performed deficiently. Among other arguments, Red's supplemental brief appears to argue his trial lawyers engaged in "tactics" that resulted in him testifying on his own behalf, that a bank teller failed to make an "in-court" identification of him, that a certain "photo line-up" was unfair, another bank teller witness was improperly "coach[ed]," and the fingerprints used to confirm his prior criminal history were unreliable. As the judgment from Red's 2001 trial has long been final, we lack jurisdiction to consider these issues. (See *People v. Picklesimer* (2010) 48 Cal.4th 330, 337; *People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)

For these reasons, we are satisfied that Red's counsel has fulfilled her responsibilities (see *Cole*, *supra*, 52 Cal.App.5th at p. 1038) and conclude that we have no jurisdiction to consider the arguments Red raises. Therefore, we must dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503–504.)

4

## III. DISPOSITION

The appeal is dismissed.

_____
Danner, J.

WE CONCUR:



_____
Greenwood, P.J.




_____
Grover, J.




**H047891**
*People v. Red*