Filed 11/15/21  P. v. Polk CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B306972 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA034657) |
| v. | |
| DARRYL JOHN POLK, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the Los Angeles County, Robert, J. Perry, Judge.  Dismissed.

Rudolph J. Alejo, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Phillip J. Lindsay, Senior Assistant Attorney General, Julie A. Malone, Supervising Deputy Attorney General, and Jennifer O. Cano, Deputy Attorney General, for Plaintiff and Respondent.

Darryl John Polk appeals the superior court's denial of his postjudgment motion for a youth offender parole hearing. We dismiss the appeal, which was taken from a nonappealable order.

## PROCEDURAL BACKGROUND

Polk was convicted in 1991 following a jury trial of two counts of first degree murder (Pen. Code, § 187, subd. (a)),[1] two counts of first degree robbery (§ 211) and one count of first degree residential burglary (§ 459). As to the two murder counts the jury found true felony-murder and multiple-murder special-circumstance allegations (§ 190.2, subd. (a)(3) & (17)). The jury also found true firearm enhancement allegations (§§ 12022.5, 12022, subd. (a)) and the special allegation that Polk had suffered three prior felony convictions (§§ 667, subd. (a), 667.5, subd. (b)). The court sentenced Polk to two consecutive indeterminate state prison terms of life without parole plus a determinate nine-year state prison term. We affirmed the convictions and sentence on appeal. (*People v. Polk* (1996) 47 Cal.App.4th 944.)

In May 2020 Polk, representing himself, filed a postjudgment motion in superior court for a youth offender parole hearing under section 3051. That section authorizes hearings for the purpose of reviewing the parole suitability of prisoners who were 25 years of age or younger at the time of their commitment offense during their 15th, 20th or 25th year of incarceration, depending on the offense, with several exceptions. (§ 3051, subds. (b), (h).) As to inmates sentenced to life without parole, only those who were under age 18 at the time of the controlling offense are eligible for such hearings. (§ 3051, subds. (b)(4), (h).) Polk, who asserts he was 25 years old at the time of the robbery

---

[1]    Statutory references are to this code.

murders,[2] argued that limitation was arbitrary and violated his right to equal protection under the Fourteenth Amendment to the United States Constitution, relying on *People v. Edwards* (2019) 34 Cal.App.5th 183, which held section 3051, subdivision (h)'s exclusion of serious felony sex offenders sentenced under the one strike law (§ 667.61) from youth offender parole hearings violated the defendants' right to equal protection.[3]

The superior court denied the motion, stating Polk's argument "makes little sense and offers no compelling legal rationale or support."  Polk filed a timely notice of appeal.

## DISCUSSION

As the Attorney General argues, and as Polk seemingly acknowledges, filing a nonstatutory postjudgment motion in superior court was not the proper procedural vehicle for Polk to raise his constitutional claim.  Once a judgment is rendered the sentencing court, with limited statutory exceptions, is without

---

[2]      Polk was born on February 13, 1965.  The information charging him with robbery and murder alleged the crimes had occurred "[o]n and between February 12, 1991 and February 13, 1991."  However, as described in our opinion affirming the judgment the evidence at trial indicated the murders had occurred sometime after midnight on February 13, 1991—that is, on Polk's 26th birthday.  (See *People v. Polk*, *supra*, 47 Cal.App.4th at pp. 947-948.)

[3]      Whether excluding from youth offender parole consideration individuals convicted of serious sex crimes and sentenced under the one strike law violates the equal protection clause of the Fourteenth Amendment, as held in *People v. Edwards*, *supra*, 34 Cal.App.5th 183, is currently pending before the Supreme Court in *People v. Williams* (2020) 47 Cal.App.5th 475, review granted July 22, 2020, S262229.

jurisdiction to grant relief to a defendant seeking to modify or challenging aspects of his or her sentence. (See *People v. Alexander* (2020) 45 Cal.App.5th 341, 344-345; *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326; see also *People v. Karaman* (1992) 4 Cal.4th 335, 352 [court retains power to modify a sentence "at any time prior to execution of the sentence"]; cf. *In re Murray* (2021) 68 Cal.App.5th 456 [merits of constitutional challenge to section 3051's distinction between juvenile and youthful offenders convicted of murder and sentenced to life without parole considered following petition for writ of habeas corpus and issuance of an order to show cause].)

The right to appeal is statutory: "'[A] judgment or order is not appealable unless expressly made so by statute.'" (*People v. Mazurette* (2001) 24 Cal.4th 789, 792; accord, *People v. Mena* (2012) 54 Cal.4th 146, 152.) Although a defendant may appeal from an order after judgment "affecting the substantial rights of the party" (§ 1237, subd. (b)), an order denying a motion the superior court lacked jurisdiction to grant does not affect a defendant's substantial rights (*People v. Alexander*, *supra*, 45 Cal.App.5th at p. 344) and is not appealable (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.)[4] Accordingly, Polk's appeal must be dismissed. (*Alexander*, at p. 344; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.)[5]

---

[4] Because there is no right to appeal from a superior court's denial of habeas corpus relief (see *Briggs v. Brown* (2017) 3 Cal.5th 808, 825; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7), construing Polk's motion in the superior court as a petition for writ of habeas corpus would not salvage his appeal.

[5] Given the absence of evidence in the record on appeal that Polk was 25 years of age or younger at the time he committed the

**DISPOSITION**

The appeal is dismissed.

PERLUSS, P. J.

We concur:

SEGAL, J.                    FEUER, J.

---

murders for which he was sentenced to life without parole, we decline his suggestion that we treat the opening brief as an original petition for writ of habeas corpus in this court. (See *Robinson v. Lewis* (2020) 9 Cal.5th 883, 895 ["[a]ll courts in California have original habeas corpus jurisdiction, but that does not mean all courts must exercise it in all circumstances"].) Our dismissal of his appeal does not preclude Polk from seeking habeas corpus relief in the superior court if he can establish his standing to challenge the constitutionality of section 3051 as it applies to him. (See *Boorstein v. CBS Interactive, Inc.* (2013) 222 Cal.App.4th 456, 465 ["'[a]s a general principle, standing to invoke the judicial process requires an actual justiciable controversy as to which the complainant has a real interest in the ultimate adjudication'"]; see generally *Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 439 ["[t]he purpose of a standing requirement is to ensure that the courts will decide only actual controversies between parties with a sufficient interest in the subject matter of the dispute to press their case with vigor"].)